IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CR-128-1-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| GARY STARKIE, | ) | |
| Defendant. | ) | |

This matter, scheduled for sentencing on June 2, 2014, also came on for hearing on defendant's motion for new counsel filed April 29, 2014 (DE 76), as supplemented (DE 84). The court heard further from defendant, his counsel, counsel for the government, and the interviewing probation officer, concerning defendant's complaints about the responsiveness and veracity of his counsel, and the veracity of the government and the probation officer. For reasons given, new counsel is to be assigned to defendant by the Federal Public Defender, and sentencing continued to the court's August 2014, term, with benefit of further briefing.

BACKGROUND

Defendant was convicted at trial on the charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The presentence report calculates a total offense level of 34, a criminal history category of VI, and a guideline range for imprisonment of 262 to 327 months. Objections were lodged through counsel on defendant's behalf.

Among other objections raised, defendant objected to a four-level enhancement for possessing the firearm in connection with another offense, namely "attempted robbery." Defendant

argues the evidence is insufficient to establish that he committed an attempted robbery. Whether defendant committed an attempted robbery also is pertinent to whether certain armed career criminal enhancements apply. While the PSR did not specify whether the defendant committed an attempted armed robbery or an attempted common law robbery, the government stated at hearing that its position is that defendant committed an attempted armed robbery. Defendant also objected to counting a 1979 conviction for assault with intent to commit rape because it is a juvenile conviction, and defendant objected to being designated an armed career criminal, inasmuch as defendant asserts the 1979 conviction cannot be counted where it is a juvenile conviction.

COURT'S DISCUSSION

In its discretion, the court allowed defendant's motion for appointment of new counsel, for reasons noted on the record at the June 2, 2014, hearing. The court discerns no basis in fact for defendant's complaints as to lack of veracity of those involved. However, reference in the pre-sentence report ("PSR") could be construed, as defendant noted, as evidencing his refusal to provide a release of information as shown in paragraph 59. As clarified at hearing by the interviewing probation officer, Mr. Richard Whitaker, the release was circumscribed by a start and end date which may have precluded access by the writer of the PSR to existing records which pre-date or post-date the start and end search dates written on the form. Defendant asserted at hearing a willingness to provide any necessary release where he wishes to develop further issues concerning his mental health. The court DIRECTS the probation officer to make contact with new counsel in furtherance of this.

Counsel for defendant is experienced and, as noted, as a part of his representation counsel succeeded in establishing some favorable results for his client, in the final PSR, as discussed at

2

hearing. Basis for defendant's complaints appears founded in commentary defendant received from family members about counsel's unwillingness to respond separately to multiple letters from defendant. Defendant also has written the court concerning sentencing, as well as counsel for the government. Defendant was encouraged to listen to advice of counsel and not of family or friends going forward.

Defendant is hereby permitted new counsel where it appears his confidence and trust in counsel is so diminished from defendant's perspective. Mr. James Walen described to the court this stated dissatisfaction as coming "out of the blue." Defendant's perspective is that counsel knows well his dissatisfaction. This difference of perspective informs the court's decision. Decision allowing new counsel issued at hearing on June 2, 2014, also with directive that defendant is not entitled to an attorney he likes and/or one who will agree with him. Defendant is entitled to competent counsel, as he has had, and if defendant takes issue with his next attorney, barring some unusual circumstance, defendant will be confronted with decision whether to continue with counsel or then to represent himself.

The court's order is more expansive than usual, in part to promote efficiencies going forward. The court of course reserves any decision on sentencing; however, it has noted in this order issues it sees looming, and on which further briefing may be of assistance. At hearing, the government indicated it would commission the trial transcript and suggested a 45 day deadline from the date of the June 2, 2014, hearing within which new counsel for defendant may file a sentencing memorandum, setting forth any new or additional objections or motions. This schedule was agreed to and adopted herein by the court, and the government then shall have 21 days within which to respond. The court DIRECTS the clerk to notice the sentencing hearing for the August 2014

sentencing term. The Federal Public Defender is DIRECTED immediately to appoint new counsel. As discussed at hearing on June 2, 2014, Mr. Walen, who is relieved of any responsibility in representation, shall provide defendant's file to the Federal Public Defender for transfer over to new counsel. Defendant also is ADMONISHED to cease writing the court and the government, directly.

SO ORDERED, this the 4th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge